# Wytheville.

## JANE EVANS GARLAND, AN INFANT, ETC. v. NORFOLK NATIONAL BANK OF COMMERCE AND TRUSTS, ETC.

June 18, 1931.

Present, Campbell, Holt, Epes, Gregory and Browning, JJ.

· The opinion states the case.

*N. T. Green,* for the appellant.

*Tazewell Taylor,* Jr., for the appellees.

CAMPBELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the

city of Norfolk, sustaining a demurrer to a bill filed by Jane Evans Garland, an infant, by her next friend, against the appellees, and dismissing the same.

The bill alleges that appellant is an infant of about eighteen years of age, is married and lives with her husband in the city of Washington; that at various times during the years preceding her marriage she was the recipient of gifts of money made to her by relatives, which were deposited by her father, L. F. Bruce, in a savings account in what is now known as the Norfolk National Bank of Commerce and Trusts; that the deposits were made in the name of L. F. Bruce, "For Jane Bruce," and were intended to and did belong to appellant; that she is in need of said money to supply her with necessities suitable to her station in life, and in order to furnish, in part, the home in which she is residing; that the income derived from her other property in the hands of her guardian, Seaboard Citizens National Bank, is not sufficient to meet her present needs; that she is the equitable owner of the funds (amounting approximately to $910.00) now on deposit in the savings department of the appellee bank, but that the bank is unwilling to pay the money without an order of court entered in a proper proceeding; that appellant has applied to her father, L. F. Bruce, for the savings deposit book, in order that she may withdraw the funds deposited to her credit, but that her father refuses to accede to her request and insists on keeping the funds so deposited under his own control.

The bill prays that L. F. Bruce, the Seaboard Citizens National Bank of Norfolk (her guardian) and the Norfolk National Bank of Commerce and Trusts be made parties defendant and be required to answer the bill; that L. F. Bruce be required to surrender to appellant the bank book evidencing the savings account; that the holding bank be directed to pay appellant directly, without the intervention of her guardian, the amount first ascertained to be due; that the holding bank be

restrained from paying over the funds to L. F. Bruce or any other person, and for general relief.

The only party defendant appearing to the bill was L. F. Bruce, who filed a demurrer on the following grounds:

"1. That it appears on the face of said bill of complaint that the fund which is sought to be recovered by the infant complainant is in excess of an amount which a court may order paid directly to an infant without the intervention of a receiver or guardian appointed for said infant.

"2. That it appears on the face of said bill that the said fund which is sought to be recovered, even in the event the court should hold that the infant complainant is now the owner of the same, is principal and not income, and the infant is not entitled to have any portion of the same delivered directly to her.

"3. That this proceeding is contrary to the statute in such cases made and provided whereby a court may authorize and empower the guardian of an infant to expend funds for the benefit of their beneficiary beyond the annual income derived from the ward's estate.

"4. The bill of complaint shows on its face that the said complainant is a minor and married and that she is seeking to obtain the control and management of an estate, contrary to the law in such cases made and provided."

The sustaining of the demurrer is the error assigned.

■ The department commonly known in banking circles as "savings account" is especially designed to encourage economy and frugality. No restriction as to age or financial standing enters into the relationship between the bank and the depositor. When a deposit is made, the amount is entered in a savings account book and it is essential that the depositor, when presenting a check for payment, should present at the same time the account book. Unless the book is thus presented, the check ordinarily will not be honored.

The first question involved in this suit calls for a discussion of the relative rights and remedies of the appellant.

In *Ware* v. *Ware's Adm'r,* 28 Gratt. (69 Va.) 670, it was held that although a guardian has no beneficial interest in the estate of his ward, still his authority is coupled with an interest and is not merely an office. He is entitled to exercise full control over the real estate of his ward; it is his duty to protect same against trespass by others, and he is empowered to bring an action to recover damages. In respect to personal estate, his powers are very extensive. His authority extends to the collection of debts and other choses in action belonging to the ward; to the receipt of legacies and distributive shares, and granting acquittances for the same; to compromise of matters affecting his ward's estate; to the assignment of mortgages, and, in fine, to do whatever is necessary to protect the property of his ward.

At common law an infant could only prosecute or defend litigation by a guardian. By statutes of West 1, c. 48 (3 Edw. 1) and West. 11, c. 15 (13 Edw. 1), the common-law rule was changed to the extent that an infant was permitted to sue by next friend.

In 1 Minor (4th ed.) 504, Professor Minor lays down the rule that infants shall never sue by guardian, "it being provided by our statutes, V. C. 1887, section 2614, that any minor entitled to sue may do so by his next friend." To the same effect is the rule stated by Professor Lile, on page 105, in his notes to 1 Min. Inst. This rule, of course, is not applicable when it is incumbent on the guardian to sue for the protection of his ward's property, nor is it applicable when it would be in derogation of the statutory rights of the guardian to institute a suit.

In Virginia, the right of an infant to sue by next friend is fixed by section 5331, Code of 1919, and reads as follows: "Any minor entitled to sue may do so by his next friend."

It is the contention of appellee, Bruce, evinced by

the demurer filed, that the savings account, if in fact the property of appellant, is a part of the principal of the ward's estate and should pass into the hands of the guardian, subject to the control of the court having jurisdiction over the guardian and ward, and, therefore, only the guardian could demand payment from the holding bank. In support of this view, sections 5136, 5320, 5321 and 5343 of the Code are relied upon.

In our opinion the above sections are not applicable. The case at bar was instituted not only to restrain the bank from paying to Bruce the amount on deposit, but to establish property rights therein. As heretofore indicated, our conclusion is that the suit was properly instituted in the name of appellant by her next friend. In the bill it is alleged that appellant is the "equitable owner" of the savings account. This being her present contention, she is precluded from making demand on the bank for payment, without first establishing ownership. Likewise, she is precluded from bringing her action at law against the bank, for the reason that she is not the claimant of the legal title. Equity is the only forum to which she properly has access. Instead of sustaining the demurrer and dismissing the bill, the chancellor should have overruled the demurrer and put the parties to proof (unless the bill is taken for confessed), in order to establish the ownership of the savings account and to determine the proper disposition thereof.

The decree complained of will, therefore, be reversed and annulled, and the cause remanded to be further proceeded with in accordance with this opinion.

*Reversed.*